**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

ALEXANDER HERNANDEZ,

    *Plaintiff*,

v.

ASCENDUM SOLUTIONS, LLC,

    *Defendant*.

:
:
:
:
:
:
:
:
:
:
:
:

Case No. 1:25-cv-00009

Judge Jeffery P. Hopkins

---

**OPINION AND ORDER**

---

Plaintiff Alexander Hernandez ("Plaintiff" or "Mr. Hernandez"), a Hispanic male and former employee of Defendant Ascendum Solutions, LLC ("Defendant" or "Ascendum"), initiated this action in the Hamilton County Court of Common Pleas (Compl., Doc. 2), which Defendant removed to this Court. *See* Notice of Removal Doc. 1-1, PageID 4. Mr. Hernandez alleges that shortly after receiving a positive job review, he was placed on two performance improvement plans ("PIP") and eventually terminated from his position as creative director at Ascendum. Compl., Doc. 2, ¶¶ 16, 21. By contrast, Mr. Hernandez alleges that Holly Shoemaker—a white female co-worker—was not placed on a PIP or terminated even though the two occupied the same role at the company. *Id*. ¶¶ 26, 27. Mr. Hernandez asserts Defendant's actions violated the prohibitions against an employer's interference with an employee's rights under the Family and Medical Leave Act ("FMLA") and constituted retaliation under that same statute (*Id*. ¶ 28) and violated the laws protecting employees from race and gender-based discrimination (*Id*. ¶¶ 35, 39) under O.R.C. § 4112.02(A).

1

Subsequently, in a preemptive strike to resolve any pleading deficiencies that may have been present in the original Complaint, Mr. Hernandez filed an Amended Complaint. Am. Compl., Doc. 12. But before Plaintiff filed the Amended Complaint, Defendant had already filed the Partial Motion to Dismiss (Doc. 5) (the "Partial Motion") seeking dismissal only as to Plaintiff's race and gender discrimination claims, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Doc. 5, PageID 24, to which Plaintiff filed a response (Doc. 9) and Defendant replied (Doc. 10). Defendant's Partial Motion is now on for consideration before the Court.

Because Plaintiff's race and gender discrimination claims fail to rise above the speculative level, the Court **GRANTS** Defendant's Partial Motion (Doc. 5) and **DISMISSES** Plaintiff's claims as to race and gender discrimination asserted in the original Complaint (Compl., Doc. 2) **WITHOUT PREJUDICE**. In addition, because Plaintiff's Amended Complaint (seeking to add race and gender discrimination claims under Title VII) was not filed in accordance with Rule 15(a)(2), it is not properly before the Court and will not be addressed on the merits at this time.  For that same reason, the Court **DISMISSES**, *sua sponte*, Plaintiff's Amended Complaint in its entirety (Am. Compl., Doc. 12), **WITHOUT PREJUDICE**.

## I.    BACKGROUND

The factual assertions contained in the original Complaint, which the Court must view as true at this stage of the proceedings, sets the stage as follows:[1] In September 2021, Mr. Hernandez was hired as a creative director for Ascendum. Compl., Doc. 2, ¶ 6. During his

---

[1] For purposes of analyzing a motion to dismiss, the Court views as true all factual allegations stated in the Complaint (Compl., Doc. 2). *See Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

employment with the company, he served as the sole Hispanic employee on his team. *Id.* ¶ 7. Holly Shoemaker—a white female—also worked in the same position as Mr. Hernandez in the company's Cincinnati office. *Id.* ¶ 25. On December 30, 2022, Mr. Hernandez received a positive performance evaluation, exceeding expectations in five categories, including communication, customer service, problem solving, teamwork, and commitment to the role. *Id.* ¶¶ 9, 10. Shortly thereafter, Mr. Hernandez spoke with the Vice President of Design, Gary Howe ("Mr. Howe") about his intent to take FMLA leave starting March 17, 2023, because he and his partner were expecting a baby. *Id.* ¶¶ 11–12, 32. In response, Mr. Howe warned Mr. Hernandez that his role could be significantly reduced, from full-time to part-time, following a decision to take the requested leave. *Id.* ¶ 12.

Following this conversation and to his surprise, Mr. Hernandez was placed on two PIPs. *Id.* ¶¶ 13, 16. The first one came less than two months after his positive performance review and only four days after he received a merit-based pay increase and bonus from the company. *Id.* ¶¶ 13, 14. Ascendum alleged that Mr. Hernandez failed to complete all objectives and requirements of the initial PIP, and as a result, he was placed on a second PIP. *Id.* ¶ 16. For the second PIP, Mr. Hernandez was directed to design and build an intricate website within five days or be terminated from the company. *Id.* ¶ 17. Mr. Hernandez asserts that this request was irrational and wholly outside the scope of his position. *Id.* ¶ 18. Subsequently, only hours before he was scheduled to begin FMLA leave Ascendum terminated Mr. Hernandez. *Id.* ¶ 21. In contrast, however, Ascendum did not place Holly Shoemaker, Hernandez's white female counterpart on a PIP; did not direct her to complete activities outside the scope of her role; and did not similarly terminate her from the company. *Id.* ¶¶ 26, 27.

In the original Complaint, Plaintiff asserts the following claims: Count I: FMLA Interference and Retaliation; Count II: Race Discrimination under O.R.C. § 4112[2]; and Count III: Gender Discrimination under O.R.C. § 4112. When in response to the original Complaint Defendant filed the Partial Motion to Dismiss, Defendant sought only to eliminate Plaintiff's race and gender discrimination claims, and to leave for later consideration Plaintiff's FMLA claims.[3] Doc. 5, PageID 24.  In turn, Mr. Hernandez filed a Response in Opposition to the Partial Motion (Doc. 9), arguing that the original Complaint asserted sufficient facts to overcome the Partial Motion to Dismiss at this stage in the proceedings, but in the event that it did not, he requested leave to file an amended complaint. Doc. 9, PageID 75–76.  In its Reply, Defendant again contested the merits of Plaintiff's race and gender discrimination claims. Doc. 10. Then, without waiting for the Court to rule on his informal request for leave to file an amended complaint, on March 4, 2025, Plaintiff filed an Amended Complaint, this time adding claims for race and gender discrimination under Title VII of the Civil Rights Act to those previously asserted under the related state law. Am. Compl., Doc. 12, ¶¶ 44, 48. These matters are now fully briefed and ripe for resolution.

---

[2] O.R.C. § 4112.02(A) provides: "It shall be an unlawful discriminatory practice: (A) For any employer, because of the race, color, religion, sex, military status, national origin, disability, age, or ancestry of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment."

[3] Ascendum asserts that Mr. Hernandez must meet a heightened standard to state a claim of gender discrimination because he is a member of the male majority group. Doc. 5, PageID 26. This would require Mr. Hernandez to show background circumstances to support the suspicion that Ascendum is that rare employer who discriminates against the majority, as required by the Sixth Circuit's decision in *Donaldson v. DeJoy.* No. 22-1651, 2024 WL 3493870, at *3 (6th Cir. May 1, 2024) ("Because he is white and American, [the plaintiff] . . . was required to plead sufficient facts showing "background circumstances to support the suspicion that the defendant is that unusual employer who discriminates against the majority."). However, in *Ames v. Ohio Department of Youth Services*, the United States Supreme Court struck down the Circuit's "background circumstances" rule. *Ames v. Ohio Dep't of Youth Servs.*, 605 U.S. 303, 310 (2025) ("Congress left no room for courts to impose special requirements on majority-group plaintiffs alone."). Accordingly, under *Ames*, Mr. Hernandez, is not required to meet a heightened standard merely because he is a majority-group plaintiff.

## II.    STANDARD OF REVIEW

As noted, Ascendum moved to partially dismiss the Complaint for "failure to state a claim upon which relief can be granted" under Rule 12(b)(6). Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the Complaint must include "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). This, however, requires "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action," and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable interference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). In deciding a motion to dismiss, the district court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh,* 487 F.3d 471, 476 (6th Cir. 2007). In doing so, the district court "need not accept as true legal conclusions or unwarranted factual inferences." *Gregory v. Shelby County,* 220 F.3d 433, 446 (6th Cir. 2000).

## III.    LAW & ANALYSIS

In the present case, Defendant requests partial dismissal of Plaintiff's Complaint under Rule 12(b)(6) for failure to state claims as to race and gender discrimination. Doc. 5, PageID 24. Ohio law prohibits discrimination against employees on the basis of protected characteristics such as race and sex. *See* O.R.C. § 4112.02(A); *Hines v. Humana Ins. Co.*, 689 F. Supp. 3d 516, 535 (S.D. Ohio 2023) ("Pursuant to O.R.C. § 4112.02(A), both race and sex are protected groups under Ohio's employment anti-discrimination laws."). Here, the Court decides whether the factual allegations as alleged in the Complaint, taken together, allow for

a reasonable inference that Mr. Hernandez was terminated by Ascendum because of his race or gender in violation of O.R.C. § 4112.02(A). The Court first considers whether Plaintiff's Complaint is sufficient under *Twombly* and *Iqbal* with consideration of the framework outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); and second, whether Plaintiff's Amended Complaint (Am. Compl., Doc. 12) warrants consideration in resolving any pleading deficiencies in the original Complaint (Compl., Doc. 2). For the reasons that follow, both questions must be answered in the negative.

1. *Plaintiff Fails to State Claims for Race & Gender Discrimination*

Plaintiff's claims fail to provide sufficient factual allegations necessary to create a plausible inference of race or gender discrimination under O.R.C. § 4112.02(A). Under the plausibility pleading standard set forth in *Twombly* and *Iqbal*, it requires this Court to determine whether Mr. Hernandez has alleged sufficient facts to state claims for relief that are at least plausible.[4] Plaintiff's discrimination claims, as is often the case, can be analyzed under the four-step burden-shifting framework outlined in *McDonnell Douglas*. Under that framework, a plaintiff asserting race or gender discrimination in an employment context must first establish a prima facie case by showing that: (1) he is a member of a protected class; (2) he was qualified for his job; (3) he suffered an adverse employment decision; and (4) he was replaced by a person outside the protected class or treated differently from similarly situated non-protected employees. *Blount v. Stanley Eng'g Fastening*, 55 F.4th 504, 510 (6th Cir. 2022).

Here, however, an important legal distinction must be drawn. At the motion to dismiss stage, Mr. Hernandez is not required to plead a prima facie case of job discrimination under

---

[4] Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, as long as the plaintiff sets forth "enough facts to state a claim to relief that is plausible on its face" and "provides a defendant with fair notice of the basis [of his] claims, and an adequate factual basis for those claims, a plaintiff's claim of employment discrimination will survive a motion to dismiss." *Waters v. Drake*, 105 F. Supp. 3d 780, 804 (S.D. Ohio 2015) (cleaned up).

*McDonnell Douglas* because it is an evidentiary standard as opposed to a pleading requirement. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 510 (2002). But courts have long held that the *McDonnell Douglas* framework, "creates a backdrop against which the Court can assess plausibility." *Southall v. Ford Motor Co.*, 645 F. Supp. 3d 826, 833 (S.D. Ohio 2022); *Keys v. Humana, Inc.*, 684 F.3d 605, 609 (6th Cir. 2012) ("[I]t was error for the district court to require [the plaintiff] to plead a prima facie case under *McDonnell Douglas* in order to survive a motion to dismiss."). So, at this juncture, Mr. Hernandez must only plead enough facts for the Court to "plausibly conclude" that Ascendum failed to hire him because of his race or gender. *Charlton-Perkins v. Univ. of Cincinnati*, 35 F.4th 1053, 1060 (6th Cir. 2022); *El-Hallani v. Huntington Nat. Bank*, 623 F. App'x 730, 734 (6th Cir. 2015) ("Plaintiffs do not have to prove their discrimination claims at this stage. They only need to allege 'sufficient 'factual content' from which a court, informed by its 'judicial experience and common sense,' could 'draw the reasonable inference' that [the employer] discriminated against Plaintiffs because of [discriminatory reasons]"). Therefore, the Court analyzes Plaintiff's race and gender discrimination claims using *McDonnell Douglas* as only a backdrop to assess plausibility.

As an initial matter, it is beyond dispute that Mr. Hernandez, a Hispanic male, is a member of a protected class. Compl., Doc. 2, ¶ 7. Second, based upon the facts as alleged in the Complaint, Mr. Hernandez was qualified for his role as creative director as shown by his positive performance evaluation about a year after his start date at the company. *Id.* ¶¶ 9, 10. Third, Mr. Hernandez suffered an adverse employment action when he was terminated on March 16, 2023. *Id.* ¶ 21. Though only used as a backdrop, the first three requirements of *McDonnell Douglas* for establishing a plausible claim of unlawful employment discrimination have been met. Less certain, however, is whether Plaintiff has asserted sufficient facts to

7

plausibly allege that he was treated differently from Ms. Shoemaker, a similarly situated employee, such that he can satisfy the fourth requirement of *McDonnell Douglas*—that he was discriminated against in the employment context *because* of his race or gender. *See Charlton-Perkins* and its progeny, *supra.*

As noted, in the Complaint, Plaintiff states that he was placed on a PIP after receiving a positive performance evaluation two months prior and four days after receiving a merit-based pay increase and a bonus. Compl., Doc. 2, ¶¶ 13, 14. And after receiving the two PIPs, Plaintiff was terminated because he failed to construct a complex website within five days. *Id*. ¶ 17. According to Plaintiff, the Court can plausibly infer race and gender-based discrimination since his co-worker Ms. Shoemaker—a white female—was not directed to complete a PIP; not instructed to "complete work entirely outside her role"; and was not terminated for similar reasons. *Id*. ¶¶ 26, 27. Simply put, Plaintiff asserts that "because he was good at his job and was a [Hispanic] male, he is entitled to a reasonable inference of race and gender discrimination." *Sam Han v. Univ. of Dayton*, 541 F. App'x 622, 627 (6th Cir. 2013).

Even construing the Complaint in the light most favorable to Mr. Hernandez, these facts are not sufficient to allege that his termination resulted from race or gender bias—or that race or gender played any part in his termination, as opposed to other non-discriminatory employment factors. Though Mr. Hernandez and Ms. Shoemaker had the same job title and are of different races and genders, the comparative facts provided in the Complaint end there. The Complaint is void of other pertinent comparative facts that would tend to create a reasonable inference of discrimination such as having similar or different performance metrics; the same supervisors; similar deficiencies or disciplinary histories; or, for example, facts alleging that Mr. Hernandez was replaced by a white female; all of which would have

8

raised the allegations in the Complaint above merely the speculative level towards suggesting that Mr. Hernandez was treated differently due to his race or gender. *See Ashcroft,* 556 U.S. at 678.

Taken one step further, an allegation that Ms. Shoemaker's performance was deficient in some respect, based on her performance reviews, metrics, or other facts as compared to Plaintiff's, would likely have also raised the allegations in the original Complaint above the speculative level.  But none of those facts are alleged here, and "[t]he Court is therefore left to infer that the [company's] decision-making regarding Plaintiff's employment was discriminatory simply based on the fact that he is a man, or that he is [Hispanic], or both" but without any specific facts to support the allegations of unlawful race or gender-based discrimination. *Sam Han*, 541 F. App'x at 627. In sum, Mr. Hernandez failed to allege enough facts to show that the termination of his employment was plausibly based on race or gender discrimination.

   2. *Plaintiff's Amended Complaint Fails*

Procedurally, Mr. Hernandez cannot save his discrimination claims by filing an amended complaint. *See* Am. Compl., Doc. 12. In *Begala v. PNC Bank*, the Sixth Circuit made clear that "[a]n open request for the Court to permit amendment to cure deficiencies, once the Court identifies those deficiencies, will not defeat a meritorious motion to dismiss pursuant to Rule 12(b)(6)." *Begala v. PNC Bank, Ohio, Nat. Ass'n*, 214 F.3d 776, 783 (6th Cir. 2000). Here, at the bottom of Plaintiff's Response to the Motion (Doc. 9), Plaintiff made a cursory request to file an amended complaint in the event the Court found pleading deficiencies in the original Complaint. Doc. 9, PageID 76 ("While Hernandez maintains that his Complaint properly pleaded his race and gender discrimination claims, he respectfully

requests that the Court allow him to move for leave to amend his Complaint should it find any factual deficiencies."). Plaintiff then filed the Amended Complaint on March 4, 2025. Am Compl., Doc. 12.

Here, however, Plaintiff misses a critical step in the process: filing a formal motion to amend the original Complaint. *Begala*, 214 F.3d at 783 ("A review of the docket in this matter reveals that Plaintiffs never moved for leave to amend their complaint. Rather, in opposition to the motions to dismiss, Plaintiffs requested that they be permitted to amend the complaint in the event that the Court found it to be deficient" which is insufficient). Under Rule 15(a)(2), "[a] party may amend its pleading once as a matter of course no later than: (A) 21 days after serving it . . . In all other cases, a party may amend its pleading *only* with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2) (emphasis added). In this case, Ascendum received the Complaint on December 13, 2024. Doc. 1-2, PageID 14. Thus, Plaintiff had until January 3, 2025—twenty-one days thereafter to file an amended complaint without the opposing party's written consent or having to seek leave of court for doing so. But Plaintiff failed to do either.

Instead, Plaintiff "included only a cursory request at the end of [his] opposition to [d]efendants' motion to dismiss" and then filed the Amended Complaint—81 days after Ascendum received the original Complaint, well outside the 21 days permitted by the rules—on March 4, 2025, without filing a proper motion and without the opposing party's written consent pursuant to the rules. Am. Compl., Doc. 12. *Crosby v. Twitter, Inc.*, 921 F.3d 617, 628 (6th Cir. 2019) ("Plaintiffs included only a cursory request at the end of their opposition to [d]efendants' motion to dismiss . . . Plaintiffs also failed to explain how a second amended complaint would resolve the problems in the first amended complaint. Thus, the district court

10

did not abuse its discretion"). Accordingly, Plaintiff's Amended Complaint will be given no consideration in these proceedings as having been improvidently filed with the Court.[5] Am. Compl., Doc. 12. The Amended Complaint will be dismissed.

## IV.    CONCLUSION

For the foregoing reasons, Defendant's Partial Motion to Dismiss (Doc. 5) is **GRANTED.** Plaintiff's claims as to race and gender discrimination are **DISMISSED WITHOUT PREJUDICE**. The Court also **DISMISSES**, *sua sponte*, Plaintiff's Amended Complaint in its entirety (Am. Compl., Doc. 12), **WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

February 26, 2026

Jeffery P. Hopkins
United States District Judge

---

[5] The Sixth Circuit has long treated the Ohio and federal anti-employment discrimination laws, *i.e.*, O.R.C. § 4112.02(A) and Title VII, the same for purposes of analysis. As such, even if Plaintiff's Amended Complaint (Am. Compl., Doc. 12) had been properly filed and the Court had been able to consider it, the result reached here would be unchanged. The facts Plaintiff alleges of unlawful employment race and gender discrimination in the Amended Complaint fail the plausibility standards established under *Iqbal* and *Twombly* and likewise fail to state a claim under Title VII upon which relief can be granted. *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1992) ("The *McDonnell Douglas. . .* formula is the evidentiary framework applicable not only to claims brought under Title VII, but also . . . to claims of discrimination under Ohio state law.").